

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Sam T. Holt
County Attorney
Carthage, Texas

Mr. Lon E. Alsup, Chairman
Contingent Expense Committee
Carthage, Texas

Gentlemen:

Opinion No. O-1319
Re: Election to abrogate or
diminish school tax rate.

We are in receipt of your letter of August 23, 1939,
which reads in part as follows:

"On July 31, 1937, the above common school district
voted to increase the Local Maintenance Tax from 25¢ to
50¢. On June 10, 1939 the said school district held an
election for the purpose as set out in the court order
issued by the county judge of Panola County abrogating
the 50¢ levy to a 25¢ levy. Here attached you will please
find a certified copy of the court order setting out the
purpose for which the election was called.

"In view of the facts submitted herein, we submit
to you the following question: Was the election illegal
which was held June 10, 1939."

By reference to the election order submitted, we find
that as stated in your letter the election was ordered to be <u>held</u>
on the 10th day of June, A. D. 1939, "to determine whether or not
a majority of the legally qualified resident property taxpaying
voters of said district desire the maintenance tax of and at the
rate of 50¢ heretofore voted in said district for the purpose of
supplementing the state school fund apportioned to said district,
shall be abrogated to reduce the tax to 25¢." Your letter points
out that an election held on the 31st day of July, 1937, the
local maintenance tax for said district was increased from 25¢ to
50¢ thereby establishing a 50¢ tax rate. It is apparent that the
second election was held before the expiration of two years after
the common school district voted to levy the 50¢ tax on itself.

Article 2794, Revised Civil Statutes, 1925, reads as follows:

"At any time after the expiration of two years after any common school district has levied a school tax on itself, twenty property taxpaying qualified voters, or a majority of such voters of the district, may have an election held, upon the proper petition of the county judge, to determine whether such tax shall be abrogated, increased or dimished. Said election shall be held and conducted as other elections in said district. If the election be to abrogate or diminish the school tax, the ballots shall have written or printed thereon the words: 'For abrogating school tax,' or 'For diminishing school tax to . . . cents; and 'Against abrogating school tax,' or 'Against diminishing school tax to . . . cents.' If the election to be determine whether the tax shall be increased, the ballots shall have written or printed thereon the words: 'For increase of school tax' and 'Against increase of school tax.'" (Underscoring ours)

In Beeman vs. Mays (T.C.A. 1914) 163 S. W. 858, wherein an injunction was granted to restrain the holding of an election to reduce a tax rate, within two years after an election had carried to increase the rate from 20¢ to 50¢, the court stated:

"Article 2833 (1911) of the statute, which authorizes the holding of an election to increase a school tax after any district has levied a school tax on itself, provides, in substance, that an election to determine whether school tax which has been so levied shall be abrogated can be held only after the expiration of two years from the levy of such tax." (Underscoring ours)

In the case of McCall vs. Lewis (T.C.A. 1924) 263 S. W. 325, the court had under consideration Article 2833, Revised Statutes, 1911, which insofar as material here is identical with the present Article 2794, Revised Civil Statutes, 1925. The court held:

"The words 'abrogated,' 'increased,' or 'diminished' are all inclusive, and connote every change or alteration which can be made in the original tax. By increase or diminution the rate only in the first tax is changed. By abrogation the first tax is completely done away with. Neither of these three results might be accomplished by substitution of another tax, the effect of which would

Mr. Sam T. Holt, #3

be to do away with the first and enact a new and different tax in its stead. If the second election wrought no change in the tax, which is not seriously contended, it was act of supereregation--a mere useless formality which ought not to be countenanced in the serious affairs of government.

"It is our view that the clear import of Article 2833 is that once a tax is voted in a district it remains unalterable for at least two years. Therefore, unless the first election were successfully contested, and held not to have carried, the tax therein voted must be held to be in force for two years from the date of the first election, and the second election, in that event, was of no effect. If the contest should result in declaring the first election against the tax, then the second election would be valid. The question of the validity of the first election is therefore not moot."

Under the facts stated it is our opinion that the election held on June 10, 1939, in the Antioch Common School District No. 37, to abrogate or diminish the 50¢ levy to a 25¢ levy was unauthorized in law and therfore void since it was held before the expiration of two years after the school district had levied a school tax of 50¢ on itself. The election of June 10, 1939, being void the district now has a 50¢ rate.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  (Signed) Cecil C. Cammack
            Cecil C. Cammack
                    Assistant

CCC:N

APPROVED AUG 26, 1939

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B. W. B.
Chairman